UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE, INVESTOR CHOICE ADVOCATES NETWORK, PATRIOT 28 LLC, and GEORGE R. JARKESY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Defendant. | No.: 3:23-cv-00402 |

### SEC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant U.S. Securities and Exchange Commission ("SEC"), by and through its undersigned attorney, respectfully submits this response to Plaintiffs' Notice of Supplemental Authority, filed after the completion of the parties' briefing of their cross motions for summary judgment on expedited processing of Plaintiffs' Freedom of Information Act ("FOIA") request. *See* ECF 13 ("Notice").

1. This is an action seeking the production of records from the SEC under the FOIA, 5 U.S.C. § 552. The FOIA request at issue seeks records about a control deficiency that the SEC had identified related to the separation of its enforcement and adjudicatory functions within its system for administrative adjudications.

2. The FOIA request at issue also contains a request for expedited processing. In November 2023, the SEC's Office of FOIA Services denied that request and informed

Plaintiffs that expedited processing of their FOIA request was not warranted because Plaintiffs had not demonstrated a compelling need for the requested records, as required under the FOIA.

3. On April 5, 2024, the SEC moved for partial summary judgment, requesting that the Court find that the SEC properly denied Plaintiffs' request for expedited processing of their FOIA request. *See* ECF 9. On April 19, 2024, Plaintiffs cross moved for partial summary judgment on this issue. *See* ECF 10. The parties completed briefing on May 16, 2024. *See* ECF 12.

4. In its briefing, among other things, the SEC explained that Plaintiffs did not satisfy the requirements for expedited processing because they did not show that there is an urgency to inform the public concerning SEC activity. *See* ECF 9 at 11-16. Specifically, the SEC explained that Plaintiffs had not shown that their FOIA request concerns a matter of current exigency to the American public or that delaying a response to the FOIA request would compromise a significant recognized interest. *See id.* In their FOIA request, Plaintiffs claimed that media attention on *SEC v. Jarkesy*, No. 22-859, which was then pending before the Supreme Court, was evidence of a public interest in the control deficiency. *See* ECF 9-3 at 6. The SEC argued that Plaintiffs showed no evidence that the control deficiency was a topic of interest for the media covering *Jarkesy*. *See* ECF 9 at 12. The SEC also argued that Plaintiffs had not identified any specific issues to which the control deficiency was relevant in *SEC v. Jarkesy*. *See id.* at 15-16.

5. On June 27, 2024, the Supreme Court issued its decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). In that case, the Supreme Court "consider[ed] whether the

Seventh Amendment permits the SEC to compel respondents to defend themselves before the agency rather than before a jury in federal court." *Id.* at 2124. The Court held that "Jarkesy and Patriot28 are entitled to a jury trial in an Article III court." *Id.* at 2139. The majority opinion does not mention the control deficiency, and there is no indication in the opinion that the control deficiency will have any relevance to the case on remand. *See id.* at 2124-39. The control deficiency appears once, only in passing, in Justice Gorsuch's concurrence. *See id.* at 2142.

6. On July 2, 2024, Plaintiffs filed the Notice in which they argue that "dozens of articles" on the Supreme Court's *Jarkesy* decision show that Plaintiffs meet the FOIA's compelling need requirement for expedited processing. *See* ECF 13 at 2. Plaintiffs, however, fail to identify *any* recent article that shows that the control deficiency is a topic of interest for the media covering *Jarkesy*. *See id.*

7. Plaintiffs also argue that the reference to the control deficiency in Justice Gorsuch's concurrence shows that the issues in *Jarkesy* are related to the control deficiency. *See* ECF 13 at 2. Justice Gorsuch's passing reference does not, however, suggest that the control deficiency is closely connected to the issues the Supreme Court considered.

8. Finally, Plaintiffs argue that Plaintiff Jarkesy has his "own compelling need for the records in his remanded proceedings." ECF 13 at 2. Plaintiffs provide no evidence that records about the control deficiency are relevant to any future proceedings involving Plaintiff Jarkesy. "[I]t is also settled law that FOIA was not intended to be a substitute for discovery" (*Cooper Cameron Corp. v. U.S. DOL*, 280 F.3d 539, 548 (5th

3

Cir. 2002)), so, to the extent Mr. Jarkesy seeks information in any future proceedings, he may do so under the discovery rules that govern those proceedings.

9. At issue in the parties' cross motions for summary judgment on expedited processing is whether Plaintiffs demonstrated that they are primarily engaged in disseminating information or that they showed that there is an urgency to inform the public concerning SEC activity. *See* ECF 9 at 6-16. The *Jarkesy* holding that "Jarkesy and Patriot28 are entitled to a jury trial in an Article III court" (144 S. Ct. at 2139) is irrelevant to whether Plaintiffs satisfied the requirements for expedited processing under the FOIA.

Dated:  July 16, 2024

Respectfully submitted,

/s/ *Alexandra Verdi*
ALEXANDRA VERDI
Attorney-In-Charge
NY Reg. No. 5480934
S.D. TX No. 3821611
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
Telephone: (202) 551-5057
Fax: (202) 772-9263
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I, Alexandra Verdi, hereby certify that, on July 16, 2024, I filed via the Court's Electronic Filing System the foregoing SEC's Response to Plaintiffs' Notice of Supplemental Authority and thereby automatically served the same on the following individuals via the Notice of Electronic Filing:

Nathaniel M. Lindzen
57 School Street
Wayland, MA 01778

*Counsel for Plaintiffs New Civil Liberties
Alliance, Investor Choice Advocates
Network, Patriot 28 LLC, and George Jarkesy, Jr.*

                                             /s/ *Alexandra Verdi*
                                             ALEXANDRA VERDI