# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE, INVESTOR CHOICE ADVOCATES NETWORK, PATRIOT 28 LLC, and GEORGE R. JARKESY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Defendant. | No. 3:23-cv-00402 |

## SEC'S RESPONSE TO
## PLAINTIFFS' MOTION FOR PRODUCTION SCHEDULE

I.      **INTRODUCTION**

Defendant U.S. Securities and Exchange Commission ("SEC") submits this memorandum in response to Plaintiffs' Motion for Production Schedule, ECF 18 ("Mot."). Despite Plaintiffs' claims to the contrary, the SEC has diligently processed Plaintiffs' FOIA request and has issued final responses to all but four subparts of that request. The SEC has provided Plaintiffs with partial responses to the four remaining subparts, and the documents responsive to those subparts are likely exempt from release in their entirety, as reflected in this Court's recent opinion in *Jarkesy v. Sec. & Exch. Comm'n*, No. 3:22-cv-405, 2024 WL 4101811 (S.D. Tex. July 3, 2024) (Brown, J.). The SEC has tried to work with Plaintiffs to avoid processing records that are exempt from release and re-litigating the same issues before this Court, but Plaintiffs have not engaged in meaningful discussions of those issues. Accordingly, as discussed in more detail below, the SEC proposes the following schedule:

- The SEC will issue final responses to FOIA request subparts 2, 4, 6, and 7 by January 30, 2026.

- The SEC will provide Plaintiffs with preliminary *Vaughn* Indices for documents not listed in prior *Vaughn* Indices provided in this case by March 31, 2026.

1

## II. FACTUAL BACKGROUND

### A. The SEC has processed the non-duplicative portions of Plaintiffs' FOIA request.

On November 8, 2023, the SEC's Office of FOIA Services ("FOIA Office") received Plaintiffs' nine-part FOIA request seeking records about "the facts and circumstances surrounding the 'control deficiency' relating to the SEC's system for administrative adjudications." The FOIA request at issue here overlaps in part with FOIA requests at issue in other litigations filed by two Plaintiffs here, George R. Jarkesy, Jr. and New Civil Liberties Alliance ("NCLA"). *See Jarkesy v. SEC* (S.D. Tex. 22-cv-00405) ("*Jarkesy*"); *NCLA v. SEC* (D.D.C. 22-cv-03567) ("*NCLA*").[1]

On December 6, 2023, the FOIA Office informed Plaintiffs that, because it had identified approximately 1,160 email records (consisting of approximately 53,000 pages) that may be responsive to subparts 6 and 7 of the FOIA request, the FOIA request would be processed in the SEC's Complex track. The FOIA Office processes requests that seek large amounts of documents on a first-in, first-out basis in the Complex track, and it can take up to three years for the FOIA Office to start processing requests in the Complex track because of the significant burden of processing those requests. *See* 5 U.S.C. § 552(a)(6)(D)(i) (FOIA provides that "agency may promulgate regulations . . . providing

---

[1] In *NCLA*, the parties completed summary judgment briefing in August 2023. In *Jarkesy*, on July 3, 2024, this Court granted the SEC's motion for summary judgment as to all subparts of the FOIA request still in dispute except for one subpart. The parties in *Jarkesy* discussed in mediation how the SEC would process that remaining subpart. The SEC has now processed that remaining subpart and anticipates filing a motion for summary judgment to support its withholdings.

2

for multitrack processing of requests for records based on the amount of work or time (or both) involved in processing requests"); 17 C.F.R. § 200.80(d)(4) ("The [SEC's] Office of FOIA Services shall use two or more additional processing tracks that distinguish between simple and more complex requests based on the estimated amount of work and/or time needed to process the request.").

In the interest of finding a way to process the FOIA request outside of the Complex track, undersigned counsel proposed ways to Plaintiffs' counsel to narrow the scope of the request. The parties agreed that the SEC would first process the subparts of the FOIA request that do not overlap with the subparts of the FOIA requests at issue in *Jarkesy* and *NCLA*. *See* May 24, 2024 Joint Motion, *NCLA v. SEC* (S.D. Tex. 24-cv-42), ECF 8 at ¶10.

The SEC has processed all portions of Plaintiffs' FOIA request that do not overlap with the FOIA requests at issue in *Jarkesy* and *NCLA*:

- On July 31, 2024, the SEC issued a partial response to FOIA request subpart 3 and a final response to subpart 9. With respect to subpart 3, the SEC released to Plaintiffs 16 pages of records, with portions withheld under FOIA Exemption 5. With respect to subpart 9, the SEC informed Plaintiffs that it is withholding responsive records in full pursuant to FOIA Exemptions 5 and 6. The SEC provided Plaintiffs with preliminary *Vaughn* Indices in connection with its withholdings.

- On November 8, 2024, the FOIA Office issued final responses to FOIA request subparts 1 and 3 and a partial response to subpart 8. With respect to

3

subparts 1 and 8, the FOIA Office released to Plaintiffs 28 pages of records, with portions withheld under FOIA Exemptions 5, 6, 7(C), and 7(E). With respect to subpart 3, the FOIA Office released to Plaintiffs 113 pages of records, with portions withheld under FOIA Exemption 5. The FOIA Office also withheld in full 4 pages of records under FOIA Exemption 5.

- On November 22, 2024, the FOIA Office issued partial responses to FOIA request subparts 2, 4, 6, and 7. These records consist of releases previously made to certain of the Plaintiffs here in response to the overlapping FOIA requests in *NCLA* and *Jarkesy*. With respect to subpart 2, the FOIA Office released to Plaintiffs 17 pages of records, with portions withheld under FOIA Exemptions 5, 6, and 7(E). The FOIA Office also withheld in full 20 pages of records under FOIA Exemptions 5 and 6. With respect to subpart 4, the FOIA Office released to Plaintiffs 19 pages of records, with portions withheld under FOIA Exemptions 5 and 6. The FOIA Office also withheld in full 315 pages of records under FOIA Exemptions 5 and 6. With respect to subparts 6 and 7, the FOIA Office released to Plaintiffs 55 pages of records, with portions withheld under FOIA Exemptions 5 and 6. The FOIA Office also withheld in full 2,422 pages of records under FOIA Exemptions 5 and 6.

- On December 30, 2024, the FOIA Office issued responses to the remaining non-overlapping portions of subparts 2, 5, and 8. With respect to subpart 2, the FOIA Office released to Plaintiffs 33 pages of records, with portions

withheld under FOIA Exemption 6. With respect to subpart 5, the FOIA Office informed Plaintiffs that this subpart is an improper FOIA request. With respect to subpart 8, the FOIA Office released to Plaintiffs 38 pages of records, with portions withheld under FOIA Exemptions 5, 6, 7(C), and 7(E). The FOIA Office also withheld in full 69 pages of records under FOIA Exemption 5.

B. **This Court has already agreed with the SEC's withholdings of information from records responsive to the remaining duplicative subparts of the FOIA request.**

The remaining subparts of Plaintiffs' FOIA request (the overlapping portions of subparts 2, 4, 6, and 7) overlap with FOIA request subparts in *Jarkesy* and *NCLA*:

- Subpart 2 here seeks "[a]ll records of communications regarding the circumstances that led to discovery of the Control Deficiency and the dates of such communications." *Compare with Jarkesy*, 2024 WL 4101811, at *1-2 (subpart 2 seeks "'all documentation and correspondence'" about "the [SEC]'s discovery of the deficiencies that allowed enforcement personnel to access the administrative adjudications system and documents of the [SEC]'s Administrative Law Judges ... and their staff"); *NCLA*, ECF 16-5 at 2 (subpart 1 seeks same records).

- Subpart 4 here seeks "[a]ll records used by the SEC to reach the conclusion that 'access to the Adjudication memoranda would not have affected any Enforcement filings'" in (a) "*David S. Hall, P.C. d/b/a The Hall Group CPAs, David S. Hall, CPA, Michelle L. Helterbran Cochran,*

5

*CPA, and Susan A. Cisneros*, Admin. Proc. 3-17228; *SEC v. Cochran*, No. 21-1239 (S. Ct.)" and (b) "*John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC, and George R. Jarkesy Jr.*, Admin. Proc. 3-15255; *Jarkesy v. SEC*, No. 20-61007 (5th Cir. May 18, 2022)." *Compare with Jarkesy*, 2024 WL 4101811, at *1-2 (subpart 5 seeks "'all documentation and correspondence'" regarding "[t]he [SEC]'s determination that 'access to the Adjudication memoranda would not have affected any Enforcement filings' in [*SEC v. Cochran* and *Jarkesy v. SEC*]"); *NCLA*, ECF 16-5 at 3 (subpart 4 seeks same records).

- Subpart 6 here seeks "[a]ll communications—including attached or linked documents—between any SEC employee of [sic] officer and any agent of Berkeley Research Group LLC regarding the control deficiency or investigation of the control deficiency." In *Jarkesy* and *NCLA*, by agreement of the parties, the SEC processed correspondence between SEC staff and Berkeley Research Group ("BRG") about BRG's independent forensic analysis related to the control deficiency. *See NCLA*, ECF 16-5 at 4 (SEC processed FOIA request subpart seeking BRG reports with supporting documents); *Jarkesy*, 2024 WL 4101811, at *2 (SEC released same records for subpart 9 there).

- Subpart 7 here seeks "[a]ll reports, memoranda, or communications produced by Berkeley Research Group LLC related to its review of the control deficiency." *Compare with Jarkesy*, 2024 WL 4101811, at *2

6

(subpart 9 seeks same records); *NCLA v. SEC* (D.D.C. 22-cv-03567), ECF 16-5 at 3 (subpart 7 seeks same records and in response SEC released communications with BRG relating to its forensic analysis).

As noted above, the SEC released to Plaintiffs the records responsive to these subparts that it had previously provided to certain of the Plaintiffs here in response to these overlapping subparts at issue in the *Jarkesy* and *NCLA* litigations. In *Jarkesy*, Mr. Jarkesy and the SEC each selected exemplar responsive records that the SEC processed and the parties then addressed in summary judgment briefing. *See* Sept. 5, 2023 Order, *Jarkesy*, ECF 21 at ¶5. The parties intended that the SEC would apply the Court's findings concerning the SEC's withholdings from the limited number of exemplar records when it processes the remaining responsive records. *Id.* To provide as much information as possible to Mr. Jarkesy and the Court about the nature of the documents, the SEC provided some information that it was not required to segregate because it had "minimal or no information content." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977) ("a court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content"). This Court agreed that the SEC properly withheld information under FOIA Exemptions 5 and 6 from the records it produced in response to the parallel FOIA request subparts. *Jarkesy*, 2024 WL 4101811, at *5-10.[2] In that case, Mr. Jarkesy has not sought

---

[2] As noted above, the Court in *NCLA v. SEC* (D.D.C. 22-cv-03567) has not issued a determination on the SEC's motion for summary judgment. The issue in *NCLA* that is

7

production of additional documents responsive to subparts of his FOIA request that are parallel to Plaintiffs' subparts 2, 4, 6, and 7 following the Court's finding that the SEC properly withheld information from exemplar records.

### III. ARGUMENT

Plaintiffs' discussion of the processing in this case ignores that the Commission properly placed their request in its Complex track, that the SEC has nonetheless provided many documents, and that Plaintiffs have refused to narrow their request. Contrary to Plaintiffs' claims that the SEC "has not exercised due diligence" or complied with the FOIA (Mot. at 4, 6), the SEC has issued final responses to the non-overlapping subparts of the FOIA request and has repeatedly tried to work with Plaintiffs to focus their FOIA request so that it may be processed expeditiously and efficiently.

With respect to subparts 2, 4, 6, and 7, the SEC released to Plaintiffs partial responses that consist of responsive records previously provided to Plaintiffs Jarkesy and NCLA in response to the overlapping FOIA requests in *NCLA* and *Jarkesy*.[3] The SEC withheld all substantive information from those records because that information is protected from release under several FOIA exemptions, which this Court recognized in

---

relevant here is whether the SEC appropriately withheld information from released records consisting of SEC and BRG correspondence about the internal review of the control deficiency, namely the same records Plaintiffs seek here in subparts 6 and 7.

[3] Additionally, as noted above, the SEC released records responsive to the non-overlapping portion of subpart 2, specifically email correspondence with SEC Commissioners and their staff about the discovery of the control deficiency. The SEC also released to Plaintiffs the SEC's Office of Inspector General Report of Investigation that describes the discovery of the control deficiency.

8

*Jarkesy*. As the SEC informed Plaintiffs, the SEC released those records to Plaintiffs to make clear that, for any additional responsive records the SEC would process for those subparts, the SEC would not provide any more substantive information.

The SEC has informed Plaintiffs that, based on the Court's decision in *Jarkesy*, it is likely that the Court will again agree with the SEC's withholdings here. Given the significant volume of records the SEC must process here, and the extent to which those records are exempt, the SEC would not provide information with minimal or no informational content, in contrast to its approach in *Jarkesy*. *See Flightsafety Servs. Corp. v. DOL*, 326 F.3d 607, 613 (5th Cir. 2003) (release of withheld information not required because "any disclosable information is so inextricably intertwined with the exempt, confidential information that producing it would require substantial agency resources and produce a document of little informational value"); *Mead Data Cent.,* 566 F.2d at 261 n.55 ("a court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content").

Should the SEC process additional records responsive to subparts 2, 4, 6, and 7, the SEC will withhold all exempt information about the SEC's internal review, and the same analysis that previously led this Court to uphold all of the SEC's withholding decisions under FOIA Exemptions 5 and 6 in *Jarkesy* will apply. Plaintiffs have not meaningfully responded to the fact that they are seeking vast amounts of information that come within FOIA exemptions or provided a reason for seeking tens of thousands of pages that can be withheld under this Court's prior order in a different case. In these

9

circumstances, the SEC's focus on seeking a resolution rather than devoting its, and possibly the Court's, resources to addressing vast amounts of exempt information was reasonable.

Given that it appears Plaintiffs will not narrow subparts 2, 4, 6, and 7, and, in the interest of working with Plaintiffs, the SEC proposes that it issue final responses to the overlapping subparts 2, 4, 6, and 7 by January 30, 2026.[4]

With respect to Plaintiffs' demand that the Court order the SEC to provide "a fulsome *Vaughn* index" (Mot. at 8-9), the SEC's withholdings from responsive records can be most efficiently addressed after the processing of the FOIA request is complete. The SEC has already provided preliminary *Vaughn* Indices in connection with subparts 3 and 9. The SEC proposes that it provide Plaintiffs with preliminary *Vaughn* Indices in connection with the remaining subparts of the FOIA request by March 31, 2026. The parties may use those *Vaughn* Indices to attempt to resolve or narrow disputes about the SEC's withholdings of responsive information in advance of dispositive motions.

This schedule will allow the SEC sufficient time to review the tens of thousands of pages of potentially responsive records and complete necessary consultations before

---

[4] Contrary to Plaintiffs' repeated claim that the SEC has "proposed [a] production schedule" (Mot. at 5), the SEC has merely stated in a joint status report in this litigation's sister case that "in the present circumstances, a maximum of 500 pages per month would be an appropriate processing rate once, either through Plaintiffs' agreement to narrow the FOIA request or other events, it is appropriate for the SEC to commence processing of the remaining parts of the FOIA request." *NCLA v. SEC* (S.D. Tex. 24-cv-42), ECF 16 at ¶21. The SEC's statement responded to Plaintiffs' request for "a much greater processing rate than the standard rate." *Id.* at ¶¶9-10.

release. The SEC's proposed schedule is also consistent with the Court's recent finding in this case that Plaintiffs are not entitled to expedited processing of their FOIA request. ECF 16 (granting SEC's motion for partial summary judgment on expedited processing and denying Plaintiffs' motion challenging the SEC's denial of their request for expedited processing). Plaintiffs' claim that FOIA request processing "must be completed within 1-2 years" is not supported by their cited cases, and the authority purportedly supporting their argument that releasing thousands of pages each month is appropriate here is inapposite and supports granting the SEC's proposed schedule. Mot. 5-6; *see Seavey v. U.S. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (Plaintiffs quoted FBI "policy goal" that "'no requestor should have to wait more than three years before the FBI provides a complete response' to a request" and court gave FBI three years after date of decision to process "roughly 102,000 pages"); *Fiduccia v. U.S. DOJ*, 185 F.3d 1035, 1040-42 (9th Cir. 1999) (vacating district court's order granting FBI eight years to process around 1,800 pages of material); *Clemente v. FBI*, 71 F. Supp. 3d 262, 268-69 (D.D.C. 2014) (ordering FBI to process 5,000 pages a month in "[out of] ordinary case" where requester "investigating very serious allegations of corruption" was "terminally ill" and "valuable resource for law enforcement and others investigating alleged FBI corruption"); *Huddleston v. FBI*, No. 4:20-CV-447, 2021 WL 327510, at *3 (E.D. Tex. Feb. 1, 2021) (court declined stay where agencies proposed "vague and dragged-out timeline" but in subsequent opinion in same case, *Huddleston v. FBI*, No. 4:20-CV-447, 2021 WL 1837548, at *2 (E.D. Tex. May 7, 2021), approved 500-pages per month production schedule); *Open Soc'y Justice Initiative v. CIA*, 399 F. Supp. 3d 161, 167 (S.D.N.Y.

11

2019) (FOIA request at issue involved the killing of Jamal Khashoggi, "a matter of exceptional public importance and obvious and unusual time-sensitivity" and "of intense interest among the public, legislators, other policymakers, and journalists"); *Judge Rotenberg Educ. Ctr., Inc. v. U.S. FDA*, 376 F. Supp. 3d 47, 57 (D.D.C. 2019) (addressing cross motions for summary judgment, not appropriateness of production rate, and referencing 5,000 pages-per-month rate ordered after agency effectively proposed that schedule in referenced Supplemental Joint Meet & Confer Report at 8, ECF 16, by offering to process 60,000 pages within 14 months).

Finally, the SEC respectfully proposes that the Court consider scheduling a mediation session in this case, like in *Jarkesy*, so that the parties may find efficient resolutions to their disputes with the guidance of the Court.

## IV.   CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court enter the following scheduling order:

- The SEC will issue final responses to FOIA request subparts 2, 4, 6, and 7 by January 30, 2026.
- The SEC will provide Plaintiffs with remaining preliminary *Vaughn* Indices by March 31, 2026.

Dated: January 31, 2025                    Respectfully submitted,

                                           /s/ *Alexandra Verdi*
                                           Alexandra Verdi
                                           NY Reg. No. 5480934
                                           S.D. Tex. No. 3821611
                                           Office of the General Counsel
                                           U.S. Securities and Exchange Commission
                                           Boston Regional Office
                                           33 Arch Street, 24th Floor
                                           Boston, MA 02110
                                           Telephone: (202) 551-5057
                                           Fax: (617) 573-4590
                                           verdim@sec.gov

                                           *Counsel for Defendant*
                                           *U.S. Securities and Exchange Commission*